UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMADEO CABALLERO,<br><br>               Plaintiffs,<br>v.<br><br>THANH DOAN, and DOES 1-10, inclusive,<br><br>               Defendants. | Case No.: 13-CV-01594<br><br>**ORDER REASSIGNING CASE TO A U.S. DISTRICT JUDGE; REPORT & RECOMMENDATION**<br><br>**(Re: Docket No. 8)** |

On April 9, 2013, Plaintiff Amadeo Caballero ("Caballero") filed this action seeking declaratory judgment that Defendants Thanh Doan et. al. ("Doan") misapplied California Code of Civil Procedure sections 1161-1161(a). On April 22, 2013, Doan filed a motion to remand.

IT IS HEREBY ORDERED that the case be reassigned to a District Judge with the recommendation that the motion to remand be denied, but also that the case be dismissed for lack of subject matter jurisdiction.[1]

As no state court case removal is presently before the court, Doan's motion to remand is inapposite. However, the court takes this opportunity to *sua sponte* consider whether the court has subject matter jurisdiction.

---

[1] This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings. *See* 28 U.S.C. §636(c); *Tripati v. Rison,* 847 F.2d 548, 548-49 (9th Cir. 1988).

1

Case No.: 13-01594
ORDER

Federal courts are generally limited in their jurisdiction to either (1) diversity cases where citizens of two different states have a dispute involving an amount in controversy that exceeds $75,000 or (2) cases where the cause of action – but not the defense – "arises under" federal law.[2] In his complaint, while Caballero admits that both parties are citizens of the same state, he asserts the court nevertheless has subject matter jurisdiction because the complaint involves a federal question.[3] Caballero is incorrect.  Although in the heading of his complaint Caballero states that he "reserves the right to sue for monetary damages for violations of civil rights and other rights, including those not specified herein," including several federal statutes, the body of his complaint asserts none of these federal causes of action.  The complaint only asserts causes of action arising under California Code of Civil Procedure sections 1161-1161(a), which is state law.  Although Caballero purports to seek a declaration of his rights under the state law pursuant to the federal Declaratory Judgment Act ("DCA"), a DCA claim is insufficient by itself to create federal question jurisdiction.[4]  The court therefore lacks subject matter jurisdiction, and so the case should be dismissed.

**IT IS SO ORDERED.**

Dated: April 24, 2013

                                             _____
                                             PAUL S. GREWAL
                                             United States Magistrate Judge

---

[2] *See* 28 U.S.C. § 1331; *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 154 (1908).

[3] *See* Docket No. 1 at 4-5.

[4] *Janakes v. U.S. Postal Serv.,* 768 F.2d 1091, 1093 (9th Cir. 1985) ("The use of the declaratory judgment statute does not confer jurisdiction by itself if jurisdiction would not exist on the face of a well-pleaded complaint brought without the use of 28 U.S.C. § 2201.").  *See also Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671-72 (1950).